IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:16-CV-317-BO

| | | |
|---|---|---|
| STACY D. FARIOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NANCY A. BERRYHILL | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A hearing was held on these motions before the undersigned on August 31, 2017, in Edenton, North Carolina. For the reasons discussed below, the matter is remanded to the Acting Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act and supplemental security income ("SSI") under Title VXI of the Social Security Act. Plaintiff filed her application for DIB on March 14, 2012 and for SSI on September 19, 2012, alleging disability beginning September 11, 2012. After initial denial and reconsideration, a hearing was held before an Administrative Law Judge ("ALJ"), who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform her past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on her age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then she is found to be disabled. See 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that Plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's obesity, chronic-obstructive-pulmonary disease ("COPD"), diabetes, learning disorder, and history of coronary-artery disease were considered severe impairments at step two, but were not found, alone or in combination, to meet or equal a Listing at step three.

The ALJ concluded that plaintiff had the RFC to perform light work with additional exertional limitations. The ALJ then found that Plaintiff was unable to perform any past relevant work, but that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert ("VE"), there were other jobs that existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Act.

3

The ALJ failed to appropriately evaluate the opinion of Plaintiff's treating physician, Dr. Singh. According to the regulations, certain factors are considered to determine the weight given to a medical opinion, including the "examining relationship" and "treatment relationship." 20 C.F.R. §404.1527(c)(1)-(2). Opinions from examining and treating sources are generally given more weight than other opinions. *Id.; Brown v. Berryhill*, 2017 WL 2574449 (E.D.N.C. 2017). If a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence," it will be given controlling weight. 20 C.F.R. §404.1527(c)(1)-(2).

Here, the ALJ, instead of giving more weight to Dr. Singh's evaluation due to his relationship to Plaintiff, as the regulations require, gave less weight. The ALJ criticized the form of Dr. Singh's evaluation, but did not either find it to be medically unacceptable or rely on the form in coming to his conclusion. Instead, the ALJ considered the form "in conjunction with the treating relationship between Dr. Singh and the claimant." Tr. 25. The ALJ concluded that "as a result of such relationship, Dr. Singh is motivated to complete such forms in a manner most beneficial to the claimant." *Id.*

An ALJ is permitted to disregard the opinion of a treating physician when there is persuasive contrary evidence. *Bishop v. Comm'r of Soc. Sec.*, 583 Fed. Appx. 65, 67 (4th Cir. 2014) (per curiam); *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). An ALJ's assessment of a physician's implied motivation is not sufficient. In support of discounting Dr. Singh's opinion on the basis of bias, the ALJ does not cite to persuasive contrary evidence. The ALJ only notes that a cardiologist found in 2014 that Plaintiff had no active signs of ischemia, and that the format of Dr. Singh's evaluation was contributory evidence of his bias. Tr. at 25. Because of this, the ALJ does not have sufficient basis for giving the treating physician's opinion no weight.

4

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 236 (E.D.N.C. 1987). Remand, rather than reversal, is required when the Court is precluded from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012) ("If a decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, a remand is required.") (internal quotation marks omitted)). Therefore, the result of the ALJ's failure to weigh the above evidence in accordance with the principles discussed was not harmless error and the matter should be remanded for further consideration.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 20] is GRANTED and defendant's motion for judgment on the pleadings [DE 22] is DENIED. The decision of the ALJ is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this 18 day of September, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE